70 F.3d 1263
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, PLAINTIFF-APPELLEE,
v.
Richard Lee ANDERSON, Defendant-Appellant.
 No. 94-5939.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 7, 1995.
Decided Dec. 1, 1995.
 
 James F. Sumpter, Richmond, Virginia, for Appellant. Helen F. Fahey, United States Attorney, David J. Novak, Assistant United States Attorney, Richmond, Virginia, for Appellee.
 Before NIEMEYER, MICHAEL, and MOTZ, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Appellant Richard Lee Anderson appeals from the district court's orders denying his request for certain discovery material and denying his motion for a continuance. Finding no reversible error, we affirm.
 
 
 2
 A grand jury returned a two-count indictment on May 17, 1994, charging Anderson with possessing a non-registered "sawed-off" shotgun in violation of 26 U.S.C. Sec. 5861(d) (1988), and unlawfully transferring the non-registered shotgun in violation of 26 U.S.C. Secs. 5812 (1988), 5861(e) (1988). On September 6, 1994, Anderson filed a motion for discovery and disclosure which sought, among other items, the internal guidelines of the Drug Enforcement Administration ("DEA") and the Bureau of Alcohol, Tobacco, and Firearms ("ATF") regarding undercover investigations. The Government opposed production of the internal guidelines as not being material to Anderson's defense.
 
 
 3
 On September 16, 1994, Anderson requested a continuance based upon the need for a hearing regarding his discovery request for the agencies' internal guidelines. The district court denied Anderson's motion for a continuance on September 23, 1994, but ordered the Government to provide Anderson with copies of the agencies' internal guidelines concerning undercover operations. At the beginning of the trial on September 29, 1994, Anderson withdrew his request for the ATF's internal guidelines. The Government stipulated that the undercover agents would have violated the DEA's guidelines if they used illegal drugs during the undercover investigation without prior approval. Based on that stipulation, the district court reversed its order requiring production of the DEA guidelines. The case proceeded to trial and a jury convicted Anderson of both counts charged in the indictment. Anderson is serving a three-year sentence for those convictions.
 
 
 4
 Anderson contends on appeal that the district court abused its discretion in denying his discovery motion because the requested materials went to the credibility of the Government's witnesses. Anderson also alleges that the district court's denial of his motion for a continuance prejudiced his defense.
 
 
 5
 Anderson's convictions stem from an investigation by an undercover DEA task force officer and a paid undercover informant, both of whom posed as drug traffickers. In March 1992, Anderson contacted the informant at a bar and invited him to his home. After two or three meetings between Anderson and the informant, Anderson showed the informant a sawed-off shotgun and several other weapons. Anderson also revealed a part of the shotgun's missing barrel and stated that he had access to a machine shop where he could have the barrel threaded and put back together to make it appear legal.
 
 
 6
 Anderson sold the sawed-off shotgun and an ammunition belt to the DEA agent in late March 1992. The gun's barrel length was less than twelve inches. An ATF agent later determined that the gun lacked a serial number and was not registered. The ATF agent also found that Anderson did not have any weapons registered in his name.
 
 
 7
 Anderson's defense centered on his allegation that the two undercover agents used marijuana and cocaine during the investigation. Both the undercover agent and the undercover operative, however, testified at trial that they faked drug use to retain the integrity of the undercover operation. The Government stipulated that, if the undercover agents did use drugs during the investigation without prior approval, their drug use would have been a violation of internal DEA guidelines concerning undercover investigations. Anderson did not avail himself of that stipulation at trial.
 
 
 8
 We find no abuse of discretion by the district court here. See United States v. Fowler, 932 F.2d 306, 311 (4th Cir.1991). Anderson cited no rule, statute, or case to support his request for production of the DEA's internal guidelines. See, e.g., United States v. Johnson, 872 F.2d 612, 619 (5th Cir.1989) (upholding district court's denial of access to FBI guidelines regarding informants because guidelines were neither exculpatory nor useful for impeachment purposes). Additionally, even if the district court had ordered production of the guidelines, they would have conferred no additional rights or remedies to Anderson. United States v. Jones, 13 F.3d 100, 103 (4th Cir.1993). At most, Anderson would have been able to argue that the agents acted contrary to the DEA guidelines by using illegal drugs. However, the Government stipulated that such drug use would have been contrary to the guidelines. Thus, Anderson can point to no prejudice that he suffered from the district court's denial of his discovery request. We therefore find that his claim regarding the discovery materials lacks merit.
 
 
 9
 Anderson also alleged that the district court abused its discretion by denying his request for a continuance. Anderson sought the continuance in order to have a hearing on his request for the DEA guidelines. The district court denied the continuance on September 23, 1994, six days prior to trial. Thus, Anderson had ample time to prepare for trial. Moreover, the district court ultimately denied Anderson access to the DEA guidelines; consequently, Anderson did not need additional time to review the guidelines to prepare his defense. Accordingly, we find this contention to be without merit.
 
 
 10
 We affirm the district court's denial of Anderson's discovery request and denial of Anderson's motion for a continuance.
 
 
 11
 AFFIRMED.